The Honorable Luther "Lu" Hardin State Senator 309 South Vancouver Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion regarding Act 67 of The First Extraordinary Session of 1980, as amended by Act 101 of 1981. These acts are codified at A.C.A. 20-21-401 et seq.
Your question is stated as follows:
 Does the Arkansas State Department of Health have legal authority to develop nuclear emergency evacuation route planning standards that assure capability to immediately implement an emergency evacuation of Delaware Township (Logan County) in the event of a nuclear accident or incident at Arkansas Nuclear One?
You state the following with regard to this question:
 The Logan County Nuclear Emergency Response Plan prepared by Arkansas State Department of Health designates private vehicles as the mode of emergency evacuation transportation. We believe evacuation route maintenance standards are basic and fundamental planning necessities to accommodate the private vehicle mode of transportation and therefore County routes must be readily available in order to meet this "immediate emergency response capability" time frame. Greta Dicus, Director of Emergency Planning and Radiological Response for the State Department of Health, says she is without authority to include evacuation route planning standards in the Logan County Nuclear Emergency Response Plan. Township residents that live on unimproved county dirt roads that deteriorate to impassible from time to time during the winter months wonder how this circumstance equips them to respond to any incident or accident at ANO as is required in Section 2.
A review of A.C.A. 20-21-401 et seq. indicates that its purpose is to initiate, in part, "plans and procedures for immediate emergency response capability" in the event of radiological incidents or accidents at nuclear generating facilities. A.C.A.20-21-401(a). The Department of Health ("Department") is charged with the responsibility of carrying out a "nuclear planning and response program," (A.C.A. 20-21-401(a)), which shall include:
 (1) Continuous environmental radiation surveillance in the area of any nuclear generating facility;
 (2) The training and education of persons residing in the areas regarding nuclear hazards and protective measures to be taken in the event of a radiological incident or accident;
 (3) A plan for immediate emergency response capability in the event of an incident or accident at the facility;
 (4) The dissemination of information to the public pertaining to radiation hazards;
 (5) Protective measures, evacuation procedures, and other appropriate actions to be taken in the event of a radiation incident or accident; and
 (6) Such other matters as the Department of Health shall determine to be necessary or appropriate to educate, inform, and equip citizens of this state to deal with any incident or accident at or resulting from the operation of nuclear generating facilities. A.C.A. 20-21-402(b).
It is thus apparent that the Department is given broad authority to determine what is "necessary or appropriate" to deal with any nuclear incident or accident. While the development of standards may, as a general matter, fall within the Department's authority, a conclusive determination would require review of the particular standard(s) in question. There may be instances, for example, in which a proposed standard would infringe upon the constitutional authority of another agency or official, or otherwise interfere with powers granted specifically to another governing body or officer. It will not be presumed that the legislature, in enacting 20-21-401 et seq., intended to repeal or otherwise modify or amend existing powers.
Although your question references "planning standards" generally, the inquiry appears to focus specifically upon the need for "evacuation route maintenance standards" due to the existence of "unimproved county dirt roads." The above discussion has particular relevance [relevance] in this regard. The powers of each County Judge, as set forth under Amendment 55, Section 3, to the Arkansas Constitution, includes the power to "operate the system of county roads." See also A.C.A. 14-14-1101 and14-14-1102. It is my opinion that an effort on the part of the Department to develop standards governing the maintenance of county roads could be challenged under Amendment 55. As previously noted, the particular "standards" would have to be considered. Section 20-21-401 et seq. should not, however, in my opinion, generally be construed to charge the Department with authority or responsibility to dictate the maintenance of county roads.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.